Docket No. 25-cv-01337(ENV)(JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEAN FENNESSY,

                           Plaintiff,

        v.

NEW YORK CITY FIRE DEPARTMENT
AND CITY OF NEW YORK,

                           Defendants.

# PLAINTIFF'S MEMORANDUM OF LAW IN SUR REPLY TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Christina Martinez, Esq.
MARTINEZ & LOIACONO, PLLC.
*Attorneys for Plaintiff*
245 Bricktown Way, Suite J
Staten Island NY 10309
T: (347) 215-4543
E-mail: ChristinaMartinezEsq@gmail.com

**ARGUMENT**

For the first time on reply, the Defendants argue that the Plaintiff's as-applied Free Exercise claim should be dismissed because "the stated reason Plaintiff's religious exemption request was denied" was undue hardship. Def. Mem. of Law, p. 2. The Defendants rely on New Yorkers for Religious Liberty, Inc. v. City of New York, 125 F.4th 319 (2d Cir. 2025) ("NYFRL"), where the Second Circuit affirmed the dismissal of as-applied constitutional claims for some plaintiffs – teachers who were denied religious exemptions to the City's Vaccine Mandate based on undue hardship. However, the Second Circuit affirmed dismissal because the plaintiffs did not plead allegations that contradicted the undue hardship finding. Id. at 333. The Second Circuit specifically criticized the "threadbare conclusions" in the complaint, which stated "Ms. Smith does not pose a direct threat to anyone based on her vaccine status", and plaintiff "poses no direct threat to anyone". Id. at 333. This is completely inapposite to the well-pleaded allegations in the Complaint specifying the lack of undue hardship. Compl., ¶¶204-247.

The Plaintiff explained that it was not an undue hardship to accommodate the Plaintiff with *weekly PCR testing*. Specifically, the FDNY granted both religious and medical accommodations to the Vaccine Mandate to other FDNY Firefighters and Fire Officers, allowing them to submit weekly testing in lieu of vaccination. Compl., ECF Doc. No. 1, ¶¶216, 205-209. Additionally, the FDNY permitted 1,176 FDNY employees (including Firefighters and Fire Officers) to continue working unvaccinated while submitting to weekly PCR testing. Compl., ECF Doc. No. 1, ¶¶211-213. And these Firefighters and Fire Officers who were accommodated with weekly PCR testing had high contact with the public and other employees (including sleeping in the fire house). Compl., ECF Doc. No. 1, ¶¶220-225. Weekly testing was the *standard* accommodation to the Vaccine Mandate provided by the City's own written policy,

1

which stated that weekly testing would not cause an undue hardship. Compl., ECF Doc. No. 1, ¶¶47-49, 227. Moreover, the City's policy identified additional mitigation strategies that were less restrictive means of advancing its stated purpose for the Mandate. These strategies were recommended by the CDC and included ventilation interventions, masking, health screenings, disinfecting and cleaning protocols. Compl., ECF Doc. No. 1, ¶¶229-236. And the City ignored other less restrictive measures listed in the FDNY's Equal Employment Opportunity Policy— such as placing Plaintiff on Light Duty or offline temporarily until the Mandate was lifted —that would not have caused undue hardship. Compl., ECF Doc. No. 1, ¶¶ 237-241, 246-247. **Notably, the Plaintiff himself was permitted to continue working unvaccinated while accommodated with weekly PCR testing from October 2021 through March 2022!** Compl., ¶214.

The other cases Defendants rely on are completely misplaced. Barrett v. Dep't of Educ. of City of New York, 2025 WL 1786910, at *9 (E.D.N.Y. June 26, 2025)("Plaintiff's complaint does not allege that plaintiff's exemption request was denied because of an improper consideration of her faith-based objection to the vaccine."); Bonilla v. City of New York, 2023 WL 8372859, at *5 (S.D.N.Y. Dec. 4, 2023) ("bald assertions" "that hostility toward her religious beliefs was the real reason for the denial" were insufficient). Here, the Plaintiff clearly alleged that the actual reason for denial was based on specific unconstitutional policies applied by the Defendants to Plaintiff's request. Compl., ECF Doc. No. 1, ¶¶100-171; see Pl. Mem. of Law, p. 15-24 at ECF Doc. 21. Moreover, in NYFRL, the Second Circuit upheld as-applied Free Exercise challenges based on the exact policies alleged by the Plaintiff here. NYFRL, 125 F.4th at 334-335; see Compl. ¶¶121-126, 131-132.

Because Defendants' undue-hardship arguments were raised for the first time on reply and are squarely contradicted by the well-pleaded allegations, the Court should disregard them.

2